**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **HUNTER TYEE WILSON**, <br><br> Plaintiff, <br><br> v. <br><br> **B. AKANA; J. DEACON; S. BOSTON; K. JACKSON; J. MYRICK; J. JORGENSON; R. YOUNG; L. WILLIAMSON; C. BARNETT; M. NOFZIGER; M. GOWER; T. RIDLEY; and C. PETERS**, <br><br> Defendants. | Case No. 2:16-cv-898-SI <br><br> **OPINION AND ORDER** |

Hunter Tyee Wilson, Eastern Oregon Correctional Institution, 2500 Westgate, Pendleton, OR 97801, *pro se*.

Ellen F. Rosenblum, Attorney General; Todd Albert, Senior Assistant Attorney General; OREGON DEPARTMENT OF JUSTICE, 1162 Court Street NE, Salem, OR 97301. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiff is an inmate in the custody of the Oregon Department of Corrections ("ODOC"). Plaintiff alleges that Defendants, who are all employees of ODOC, violated Plaintiff's rights under the First, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution when they prevented Plaintiff from attending a prison disciplinary hearing for an assault that he

PAGE 1 – OPINION AND ORDER

allegedly committed, later found Plaintiff in violation of prison rules without cause, and subjected Plaintiff to unlawful disciplinary actions. On April 7, 2017, Defendants moved for summary judgment on the basis that they are entitled to qualified immunity. ECF 32. Plaintiff did not file an opposition to Defendants' motion. On April 17, 2017, however, Plaintiff moved pursuant to Rule 56(d) of the Federal Rules of Civil Procedure to defer consideration of Defendants' summary judgment motion pending additional discovery. ECF 40. On May 10, 2017, Defendants moved to stay discovery as to all Defendants but Akana and Deacon pending resolution of their summary judgment motion. ECF 50. In addition, Plaintiff has filed several motions to compel production sought from Defendants.

For the reasons below, the Court denies Plaintiff's motion to defer consideration of Defendants' summary judgment motion, Plaintiff's motions to compel, and Plaintiff's motion for extension of time to conduct pretrial discovery. The Court grants Defendants' motion to stay discovery.

## BACKGROUND

### A. The Parties

At all relevant times, Plaintiff was an inmate at the Two Rivers Correctional Institution ("Two Rivers"). Defendants Akana and Deacon are ODOC correctional officers assigned to Two Rivers. The remaining Defendants are all ODOC employees serving in supervisory or managerial roles at Two Rivers or the ODOC Administrative Building. Defendants Boston and Young (lieutenants), Jackson and Jorgenson (captains), Myrick (Superintendent), and Ridley (Assistant Supervisor of Security) also work at Two Rivers. Defendants Williamson and Barnett are inspectors general at the ODOC Administration Building. Defendants Nofziger and Gower also work at the ODOC Administration Building, as a Hearings Administrator and Assistant Director of Operations, respectively, and Defendant Peters is ODOC Director.

## B. Plaintiff's Complaint

Plaintiff was accused of licking a fellow inmate's face on July 6, 2015. According to a one-page misconduct report submitted by Defendant Boston the following week (*see* Exhibit 1 to Plaintiff's Complaint, ECF 2-1 at 1), Boston received an email from the State's Prison Rape Elimination Act ("PREA") Coordinator relaying a complaint that Plaintiff had licked a fellow inmate. Boston states in the misconduct report: "At the conclusion of my investigation, I have determined that there is enough evidence to support the claim that [Plaintiff] stood up from eating his morning meal, leaned over to his right and licked the face of [a fellow inmate]." Based on the misconduct report, on July 16, 2015, Plaintiff was removed from the Administrative Housing Unit and placed in the Disciplinary Segregation Unit ("DSU"), with resulting loss or restriction of privileges.

On July 22, 2015, Defendant Deacon conducted the disciplinary hearing regarding Plaintiff's alleged assault. Plaintiff requested an investigation, a video recording of the unit at the time of the assault, and to call several witnesses. On the day of the hearing, while waiting to be brought into the hearings room, Plaintiff engaged in a verbal confrontation with Defendant Akana. As relayed in a separate misconduct report submitted by Akana regarding the confrontation (*see* Exhibit 2 to Plaintiff's Complaint, ECF 2-1 at 3), Plaintiff ignored Akana's orders to remain quiet. Because of Plaintiff's insubordination and disobedience and because other inmates were present, Akana decided to return Plaintiff to his cell, without allowing Plaintiff to attend the pending disciplinary hearing. Plaintiff alleges that Akana's actions were in retaliation for grievances that Plaintiff previously filed against Akana.

Shortly after Akana returned Plaintiff to his cell, Plaintiff asked Deacon for permission to attend the disciplinary hearing or to have the hearing postponed. Deacon declined and conducted the disciplinary hearing in Plaintiff's absence, noting that Plaintiff had been restricted from

PAGE 3 – OPINION AND ORDER

attending the hearing based on his allegedly disruptive behavior. Deacon denied Plaintiff's request for witnesses on the basis that the proffered testimony would not constitute a defense to the charges. Deacon denied Plaintiff's request for an investigation for the same reason.

Deacon found by a preponderance of the evidence that Plaintiff committed Inmate Assault II by causing his body fluids to come into contact with another person. *See* Exhibit 3 to Plaintiff's Complaint, ECF 2-1 at 3-4. Deacon sanctioned Plaintiff to 45 days of disciplinary segregation, 14 days of lost privileges, and a $100 fine.

On July 28, 2015, Plaintiff attended a second disciplinary hearing. This hearing related to Plaintiff's allegedly disruptive actions in the DSU hallway before his July 22nd disciplinary hearing. Plaintiff attended this hearing, and Deacon granted Plaintiff's request for an investigation, witnesses, and video records. The investigating officer, Defendant Young, concluded that the evidence supported allegations of Disrespect I and Disobedience of an Order (but not the other alleged violations, Extortion I and Compromising an Employee). Deacon, however, ultimately concluded that the facts did not support a charge of Disrespect I, but were sufficient to find Plaintiff had committed Disrespect II, based on Plaintiff's actions "direct[ing] hostile, sexual, abusive or threatening language or gestures . . . under circumstances that create[ ] a threat to safety, security or orderly operation of the facility." Exhibit 8(b) to Plaintiff's Complaint, ECF 2-1 at 18. Deacon sanctioned Plaintiff to ten days of disciplinary segregation, ten days' loss of yard privileges, and a $25 fine. Plaintiff alleges that each of the remaining Defendants participated actively or by omission in the administration of the above sanctions or of Plaintiff's formal grievances regarding the same.

On May 23, 2016, Plaintiff filed a complaint under 42 U.S.C. § 1983, seeking damages and declaratory relief. Plaintiff alleges that Defendants violated his rights under the First, Fifth,

Eighth, and Fourteenth Amendments of the United States Constitution. ECF 2. Plaintiff alleges, specifically, that Akana wrongfully prevented Plaintiff from attending the July 22, 2015, disciplinary hearing regarding the alleged assault by Plaintiff, in retaliation for grievances about Akana that Plaintiff had previously filed. Plaintiff also alleges that Deacon wrongfully proceeded with the hearing notwithstanding Plaintiff's absence and request for postponement. According to Plaintiff, Deacon then found Plaintiff in violation of prison rules without cause. Therefore, Plaintiff argues, the resulting disciplinary sanctions were unlawful. Based on those allegations, Plaintiff argues that Deacon and Akana violated his substantive and procedural due process rights under the Fourteenth Amendment and that Akana further violated Plaintiff's First Amendment rights by doing so in retaliation for Plaintiff's grievances against him.

Plaintiff alleges that Boston and Akana, by submitting and endorsing the two misconduct reports against Plaintiff, caused Plaintiff an atypical and significant hardship in violation of his Fourteenth Amendment due process rights and the Eight Amendment prohibition against cruel and unusual punishment, by subjecting Plaintiff to solitary confinement in the DSU without cause. Plaintiff alleges that Jackson, who signed the first misconduct report as the "Reviewing Supervisor," and Jorgenson, who signed the second misconduct report in the same capacity, also thereby violated Plaintiff's Eighth Amendment rights.

Plaintiff argues that Myrick, Williamson, Barnett, Nofziger, Gower, Ridley, and Peters violated Plaintiff's rights under the Eighth and Fourteenth Amendments by "refusing to address, resolve, properly train, or hold [Akana and Deacon] accountable" for violating Plaintiff's rights and by "upholding the decisions made by Defendants Akana and Deacon." Plaintiff bases that argument on his allegations that:

- Plaintiff sent a kyte (communication) to Myrick accusing Akana of retaliation;

PAGE 5 – OPINION AND ORDER

- Williamson denied Plaintiff's request for administrative review of one of his disciplinary hearings;

- Barnett denied Plaintiff's request for administrative review of one of Plaintiff's disciplinary hearings;

- Myrick denied Plaintiff's request that Akana and Deacon be reprimanded for preventing Plaintiff from attending his disciplinary hearing; Myrick's letter of denial was sent to Plaintiff, with a copy directed to Ridley;

- Nofziger responded to another grievance from Plaintiff regarding Deacon; and

- Myrick and Gower received copies of a letter to Plaintiff from another administrator regarding a grievance from Plaintiff.

Plaintiff alleges that Defendant Young conducted the investigation that Plaintiff requested regarding his second misconduct report and disciplinary hearing. Plaintiff's claims for relief, however, do not allege that Young violated Plaintiff's constitutional rights. Young's name does not appear in the "Legal Claims" section of Plaintiff's Complaint.

### C. Plaintiff's Discovery Requests, Defendants' First Motion to Stay Discovery, and Defendants' Motion for Summary Judgment

Between December 16, 2016, and February 3, 2017, Plaintiff served Defendants with Plaintiff's first requests for production of documents (*see* ECF 84-1), admissions, and interrogatories. Defendants timely responded to Plaintiff's first request for production of documents (*see* ECF 84-2), and served Plaintiff with the responses of Defendants Akana and Deacon to Plaintiff's first requests for admissions and interrogatories. Also on March 31, 2017, Defendants filed a motion to stay "additional discovery in this case beyond what has already been provided to plaintiff pending the Court's decision on defendants' [anticipated] summary judgment motion." ECF 28. Several days later, Plaintiff moved the court for leave to request an

additional 13 interrogatories for Defendant Deacon (ECF 30) and for an extension of the discovery deadline to June 12, 2017 (ECF 31). Between April 5 and April 7, 2017, Plaintiff served Defendants with his second requests for production of documents, admissions, and interrogatories.

On April 7, 2017, Defendants filed their motion for summary judgment on all claims, in which they argue that Defendants Akana and Deacon are entitled to qualified immunity and that the remaining Defendants had insufficient personal involvement with the alleged violation of Plaintiff's rights to be culpable. ECF 32. Along with their motion, Defendants submitted declarations from Akana and Seawater regarding the events and circumstances underlying Plaintiff's disciplinary hearings. On the same day, Defendants served Plaintiff with a letter including their summary judgment motion and accompanying declarations. *See* ECF 84-3. The letter states that "two videos of the 7/22/15 incident at issue in this case" are attached to one of the included declarations and that that "the videos will be provided to the Law Librarian, who will arrange for you to review it." *Id*. On April 14, 2017, the Court issued an order (ECF 39) denying Defendants' motion to stay additional discovery (ECF 28), explaining that Defendants' motion was premature because it was filed before their motion for summary judgment.

D. **Defendants' Summary Judgment Arguments**

Defendants argue that Akana and Deacon are entitled to qualified immunity from Plaintiff's Fourteenth Amendment due process claims on several bases. First, Defendants argue that, as a matter of law, the disciplinary sanctions imposed upon Plaintiff at the two disciplinary hearings (a total of 55 days disciplinary segregation, 24 days of lost or restricted privileges, and $125 in fines) do not implicate a clearly protected liberty interest. Second, Defendants argue that even if the disciplinary hearings implicated Plaintiff's protected liberty interests, Akana and Deacon did not violate any such interest but, rather, provided Plaintiff with constitutionally

PAGE 7 – OPINION AND ORDER

sufficient procedural due process in conducting the hearings and imposing the resulting sanctions.

Defendants argue that Plaintiff's First Amendment retaliation claim fails as a matter of law because the pleadings show that Akana removed Plaintiff from the hallway and returned him to his cell in part to advance the legitimate correctional goal of promoting safety, security, and the orderly operation of the facility. Defendants argue that Plaintiff's Eight Amendment claims against Akana, Boston, Jackson, and Jorgensen fail as a matter of law because Plaintiff's loss of access to the amenities of administrative, as opposed to disciplinary, housing are insufficient as a matter of law to constitute cruel and unusual punishment. Lastly, regarding Plaintiff's claims against the remaining named Defendants, Defendants argue that those fail not only because the underlying alleged violations by Akana and Deacon fail independently for the reasons discussed above, and also because Plaintiff does not allege sufficient personal participation by those Defendants in the underlying misconduct.

### E. Plaintiff's Rule 56(d) Motion

On April 17, 2017, Plaintiff moved for an order pursuant to Fed. R. Civ. P. 56(d) deferring consideration of Defendants' motion for summary judgment pending additional discovery. ECF 40. Plaintiff stated that Defendants' responses to his first requests for production of documents, admissions, and interrogatories were incomplete and that the responses from Deacon and Akana were inadequate, evasive, and incomplete. Plaintiff argued that "[t]his lack of discovery materials from the Defendants makes the Plaintiff . . . unable to present the various facts needed to justify an opposition" to Defendants' summary judgment motion. ECF 40 at 3.

Defendants have not responded to Plaintiff's Rule 56(d) motion. Nor has Plaintiff filed an opposition on the merits to Defendants' motion for summary judgment.

On May 4, 2017, Defendants replied to Plaintiff's second request for production of documents. In a letter dated May 4, 2017, Defendants notify Plaintiff that "documents responsive to your First Request for Production of Documents are being sent to the Law Librarian. The Law Librarian will send you a call out to review the documents and take them with you if [you] . . . choose to do so." ECF 84-4 at 1 (ECF 84 at 21). The letter also states that three disks containing two videos—the same videos accompanying Defendants' April 7, 2017, letter—and two audio recordings pertinent to several of Plaintiff's requests "will be provided to the Law Librarian who will arrange for you to review/listen to them." *Id*. On May 10, 2017, Defendants served Plaintiff with the responses of Defendant Deacon to Plaintiff's second request for admissions.

**F. Defendants' Renewed Motion to Stay Discovery**

Also on May 10, 2017, Defendants filed the underlying Renewed Motion to Stay Discovery with respect to Plaintiff's requests for admissions and interrogatories directed to Defendants Barnett, Boston, Gower, Jackson, Jorgenson, Myrick, Nofziger, Peters, Ridley, Williamson, and Young, pending disposition of their Motion for Summary Judgment. ECF 50. Defendants argue that it is clear from the face of the pleadings that these individuals lack any personal involvement in the alleged misconduct underlying Plaintiff's claims and that, therefore, they are entitled to qualified immunity from suit and from the attendant burden of responding to discovery requests. Defendants state that they "have and will continue to provide responses from [Akana and Deacon]."

Plaintiff responds (ECF 64) by reiterating the allegations that he claims show the Defendants' personal participation. Plaintiff does not, however, respond to Defendants' argument regarding the propriety of determining the issue of Defendants' qualified immunity summary judgment argument prior to the taking of further discovery.

G. **Plaintiff's Motions to Compel**

Between April 13, 2017, and June 7, 2017, Plaintiff filed nine Motions to Compel. ECF 38, 44, 45, 46, 59, 62, 63, 65, and 66. Defendants have responded. ECF 42, 52, 57, 64, 71, 76, 78, and 83.

H. **Plaintiff's Motion for Extension of Time to Conduct All Pretrial Discovery**

On August 7, 2017, Plaintiff filed a motion seeking an extension of time to "conduct all pretrial discovery." ECF 85. This motion is substantively identical to Plaintiff's motion under Rule 56(d). Defendants have not separately responded.

## DISCUSSION

A. **Plaintiff's Rule 56(d) Motion**

Under Rule 56(d),[1] "[i]f a movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to summary judgment], the court may . . . defer considering the motion[.]" Fed. R. Civ. P. 56(d) (emphasis added). Plaintiff "contends that the Defendants have not provided the Plaintiff with reasonably adequate responses, productions, or answers to the various Discovery Request[s] made by the Plaintiff" and that "[t]his lack of discovery materials from the Defendants makes the Plaintiff . . . unable to present the various facts needed to justify an opposition to the Defendants[s] MSJ." ECF 40, ¶¶ 9, 10. When Plaintiff filed this motion, Defendants had already provided responses (and objections) to Plaintiff's first and second requests for production, including video and audio recordings (with transcripts). Defendants had also submitted the declarations of Akana and

---

[1] The 2010 amendments to the Federal Rules of Civil Procedure moved the text contained at Fed. R. Civ. P. 56(f) to Fed. R. Civ. P. 56(d). The notes of the Advisory Committee explain that new "subdivision (d) carries forward without substantial change the provisions of former subdivision (f)." *Big Lagoon Rancheria v. California*, 789 F.3d 947, 952 (9th Cir. 2015).

PAGE 10 – OPINION AND ORDER

Deacon. Defendants' summary judgment motion, moreover, consists primarily of legal arguments based on the facts alleged by Plaintiff.

Plaintiff also does not set forth the particular facts he seeks nor explain how they are "essential" to his summary judgment opposition. *See Brae Transp., Inc. v. Coppers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) (Rule 56(d) "requires affidavits setting forth the *particular facts* expected from the movant's discovery") (emphasis added); *Barona Grp. of the Capitan Grande Band of Mission Indians v. Am. Mgt. & Amusement, Inc.*, 840 F.2d 1394, 1400 (9th Cir. 1987) (Under Rule 56(d), "an opposing party must make clear *what* information is sought and *how* it would preclude summary judgment") (quotation marks omitted; emphasis added). Although Plaintiff submitted a declaration (ECF 41) with his Rule 56(d) motion, that declaration simply repeats the assertion that the "lack of Discovery Material from the Defendants makes me . . . unable to present the various facts needed to justify an opposition to the Defendants['] MSJ[.]" ECF 41, ¶ 6. Plaintiff's mere recitation of the text of Rule 56(d) fails to show the essential facts necessary to oppose Defendants' motion for summary judgment, as required by Rule 56(d). The Court, therefore, denies Plaintiff's Motion to Stay Defendants' Motion for Summary Judgment Pending Discovery (ECF 40).

**B. Defendants' Motion to Stay Discovery**

On May 10, 2017, Defendants filed their renewed motion to stay discovery on the basis of qualified immunity with respect to the requests for admissions and interrogatories directed to Defendants Barnett, Boston, Gower, Jackson, Jorgensen, Myrick, Nofziger, Peters, Ridley, Williamson, and Young. ECF 50. Defendants argue that it is clear from the face of the pleadings that these individuals are supervisors or managers who had no personal involvement in the alleged misconduct underlying Plaintiff's claims and that, therefore, they are entitled to qualified immunity from suit and from the attendant burden of responding to discovery requests.

PAGE 11 – OPINION AND ORDER

Defendants state that they do not object to Plaintiff's discovery requests as to Defendants Akana and Deacon and that they have responded and will continue to respond to Plaintiff's discovery demands directed to these two Defendants. Defendants ask the Court to stay discovery as to all Defendants but Akana and Deacon pending resolution of the Defendants' motion for summary judgment. Plaintiff responds that every named Defendant has "some sort of first-hand knowledge, personal involvement and/or responsibility" in the alleged violation of Plaintiff's civil rights.

Tule 26(c)(1) of the Federal Rules of Civil Procedure provides, in relevant part, that a party from whom discovery is sought may move a district court for a protective order:

> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
>
> (C) prescribing a discovery method other than the one selected by the party seeking discovery; [or]

The U.S. Supreme Court has "emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation." *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987). Officials sued under 42 U.S.C. § 1983, therefore, may raise the defense of qualified immunity on summary judgment motion *before discovery*. *See id*. (explaining that "[o]ne of the purposes of the . . . qualified immunity standard is to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government") (quotation marks and citation omitted). "Moreover, a district court enjoys wide discretion in controlling the scope and extent of discovery, and it is not an abuse of that discretion to stay discovery until the question of a defendant's immunity can be resolved on summary judgment." *Brown v. Oregon Dep't of Corr.*, 2011 WL 134941, *1 (D. Or. Jan. 11, 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1989)).

PAGE 12 – OPINION AND ORDER

In a § 1983 suit, "vicarious liability is inapplicable," and therefore, a plaintiff must establish "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A supervisor may be liable under § 1983 "for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)) (quotation marks omitted). There must, however, be "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* at 1207 (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989)) (quotation marks omitted). A "sufficient causal connection" exists if the supervisor "implement[ed] a policy so deficient that the policy 'itself is a repudiation of constitutional rights.'" *Redman v. Cnty. of San Diego,* 942 F.2d 1435, 1454–55 (9th Cir. 1991) (citations omitted). However, a supervisor's "general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Id.* at 1455 (citation omitted). "For an official to be liable for another actor's depriving a third party of his constitutional rights, that official must have at least the same level of intent as would be required if the official were directly to deprive the third party of his constitutional rights." *Lacey v.. Maricopa Cnty.,* 693 F.3d 896, 916 (9th Cir.2012); *see also Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989) (finding that a supervisor is liable for constitutional violations of subordinates only if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them").

Plaintiff alleges that Myrick, Nofziger, Peters, Ridley, and Williamson violated Plaintiff's constitutional rights by "refusing to address resolve, properly train, or hold [Akana and Deacon]

accountable" for violating Plaintiff's rights and by "upholding the decisions made by Akana and Deacon." Defendants' summary judgment motion argues that Plaintiff's pleadings fail as a matter of law to support a claim for liability under section 1983 against these Defendants because they only participated in a supervisory or managerial capacity processing Plaintiff's grievances following and based on the disciplinary sanctions imposed on Plaintiff in the two disciplinary hearings. Earlier in this Opinion and Order, the Court denied Plaintiff's motion to defer consideration of Defendants' summary judgment motion on the basis that Plaintiff failed to articulate any facts regarding the claims against these Defendants that are essential to Plaintiff's opposition to that argument. In light of Plaintiff's allegations, Defendants' summary judgment argument, and Plaintiff's response, and given the Supreme Court's admonition in *Anderson* to resolve questions of qualified immunity "at the earliest possible stage of litigation," 483 U.S. at 646 n. 6, the Court exercises its discretion to stay discovery as to Myrick, Williamson, Barnett, Nofziger, Gower, Ridley and Peters pending resolution of Defendants' summary judgment motion.

The same logic applies to Jackson and Jorgensen, the only allegations against whom are that in their capacity as reviewing supervisor, they signed the relevant misconduct reports. Additionally, although Boston, as the officer that submitted the first misconduct report, arguably participated more directly in the alleged deprivation of Plaintiff's constitutional rights, Defendants have raised additional legal arguments challenging Plaintiff's Eighth Amendment claims. In light of those arguments, and of Plaintiff's failure so far to articulate what, if any, essential discovery he anticipates at his stage of the litigation, the Court exercises its discretion to stay discovery from Boston pending resolution of Defendants' summary judgment motion.

Defendants' renewed motion to stay discovery pending resolution of Defendants' summary judgment motion is granted.

## CONCLUSION

The Court DENIES Plaintiff's Motion to Stay Defendants' Motion for Summary Judgment Pending Discovery. ECF 40. The Court DENIES Plaintiff's Motion for Extension of Time to Conduct All Pretrial Discovery. ECF 85. The Court DENIES Plaintiff's Motions to Compel. ECF 38, 44, 45, 46, 59, 62, 63, 65, and 66. The Court GRANTS Defendants' Renewed Motion to Stay Discovery as to Defendants Barnett, Boston, Gower, Jackson, Jorgensen, Myrick, Nofziger, Peters, Ridley, Williamson, and Young. ECF 50. Finally, the Court ORDERS Plaintiff to respond to Defendants' Motion for Summary Judgment (ECF 32) not later than 30 days from the date of this Opinion and Order. Defendants shall file their reply not later than 14 days after Plaintiff's response.

**IT IS SO ORDERED**.

DATED this 28th day of August, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge